

**IN THE COURT OF CRIMINAL APPEALS
OF TEXAS**

### NO. WR-73,408-05

### EX PARTE WILLIAM MICHAEL MASON, Applicant

### ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS IN CAUSE NO. 0620074-E IN THE 228TH JUDICIAL DISTRICT COURT HARRIS COUNTY

*Per curiam*.

### O R D E R

In March 1992, a jury found Applicant guilty of the offense of capital murder. *See* TEX. PENAL CODE § 19.03(a). Based on the jury's answers to the statutory punishment questions set out in Texas Code of Criminal Procedure Article 37.071, the trial court sentenced Applicant to death.[1] This Court affirmed Applicant's conviction and sentence on direct appeal. *Mason v. State*, 905 S.W.2d 570 (Tex. Crim. App. 1995). On March

_____

[1] Unless otherwise indicated, all references in this order to Articles refer to the Texas Code of Criminal Procedure.

20, 2013, this Court granted Applicant habeas relief in the form of a new punishment trial. *Ex parte Mason*, No. AP-76,997 (Tex. Crim. App. Mar. 20, 2013) (not designated for publication). The trial court held a new punishment trial in 2015. Based on the jury's answers to the statutory punishment questions set out in Article 37.0711, the trial court again sentenced Applicant to death.

On February 10, 2017, the State filed in this Court its brief on Applicant's direct appeal of the punishment retrial. Pursuant to Article 11.071 §§ 4(a) and (b), Applicant's initial application for a writ of habeas corpus after retrial was due to be filed in the trial court on or before June 26, 2017, assuming a motion for extension was timely filed and granted. *See* Art. 11.071 §§ 4(a) and (b).

It has been three and a half years since the application was due in the trial court. Further, it has come to this Court's attention that, although a writ application was filed in the trial court, it was filed on November 20, 2017–a date apparently outside of the time allowed by Article 11.071. Accordingly, we order the trial court to determine within 15 days of the date of this order whether the writ application was timely filed. If the court determines that the application was not timely filed, then the record should be forwarded to this Court immediately for a determination under Article 11.071 § 4A. If it determines that it was timely filed, then the court should resolve any remaining issues in the case within 60 days from the date of this order. The clerk shall then immediately transmit the complete writ record to this Court. Any extensions of time shall be requested by the trial

judge, or on his or her behalf, and obtained from this Court.

IT IS SO ORDERED THIS THE 13TH DAY OF JANUARY, 2021.

Do Not Publish